KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (CSBN 0722)
Chief, Criminal Division

SUSAN KNIGHT (CSBN 209013)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5056
   FAX: (408) 535-5066
   Susan.Knight@usdoj.gov

*E-filed 11/1/05*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 05-00603 RS |
| Plaintiff, ) | |
| v. ) | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME |
| SCOTT ALAN WHITE, ) | |
| Defendant. ) | SAN JOSE VENUE |

On October 28, 2005, the parties in this case appeared before the Court for an arraignment. After the defendant was arraigned on the information and entered a plea of not guilty, Assistant United States Attorney Susan Knight explained to the Court that the government needed to provide discovery to Assistant Federal Public Defender Lara Vinnard. In addition, AFPD Vinnard informed the Court that she needed to discuss the issue of consent to magistrate jurisdiction with the defendant. Therefore, the parties requested an exclusion of time under the Speedy Trial Act from October 28, 2005 to November 10, 2005. The parties agree and stipulate that an exclusion of time is appropriate based on the defendant's need for effective preparation of

STIPULATION AND [PROPOSED] ORDER
CR 05-00603 RS          1

1 | counsel.
2 | SO STIPULATED:                    KEVIN V. RYAN
3 |                                    United States Attorney
4 | DATED:_____               _____/s/_____
5 |                                    SUSAN KNIGHT
  |                                    Assistant United States Attorney
6 |
7 | DATED:_____               _____/s/_____
  |                                    LARA S. VINNARD
8 |                                    Assistant Federal Public Defender

Accordingly, the Court HEREBY ORDERS that time be excluded under the Speedy Trial Act from October 28, 2005 to November 10, 2005. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

SO ORDERED.

DATED: 11/1/05                        _____/s/ Howard R. Lloyd_____
                                      HOWARD R. LLOYD
                                      United States Magistrate Judge

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

DATED:_____                  _____/s/_____
                                      SUSAN KNIGHT
                                      Assistant United States Attorney

STIPULATION AND [PROPOSED] ORDER
CR 05-00603 RS                         2